---

JOHN JOHNSTON AND OTHERS *v.* JAMES F. ALLEN.

In an action against a husband for necessities furnished to his wife, it is sufficient for the plaintiff's case to show that the marriage ceremony between the defendant and his alleged wife took place, and that he held her out to the plaintiff as his wife.

In such an action, testimony that the marriage was void by reason of the wife's having had a husband, by a previous marriage, still living,—*Held,* properly excluded. Third persons dealing with the wife on the strength of her conjugal rights cannot be confronted with the illegality of a marriage which has in effect been declared valid, and been acted upon by the assumed husband and wife.

APPEAL by the defendants from a judgment of the General Term of the Marine Court affirming a judgment of trial term entered upon a verdict.

This action was brought to recover for articles alleged to have been necessaries sold to the wife of the defendant. The facts sufficiently appear in the opinion of the Court.

*John B. Perry & E. P. Cowles,* for appellant.

*D. & T. McMahon,* for respondents.

BY THE COURT—BRADY, J.—The plaintiffs in this case sold to the defendant's acknowledged wife, some articles which the jury decided to be necessaries upon evidence which was conflicting. At the time of the sale the defendant and his wife were living separate and apart, and had commenced actions each

against the other for a divorce, but no alimony had been allowed in either of the cases, and the defendant had not contributed toward his wife's support or made any provision for her after their separation. The separation was induced by alleged cruel treatment on the part of the defendant towards her, which rendered it unsafe for her longer to cohabit with him. The jury, after hearing the evidence upon that subject, found for the plaintiffs, and by their verdict declared that it was sufficient to justify the defendant's wife in abandoning him, from apprehension of personal injury. These findings are conclusive upon the defendant. They relate to questions of fact exclusively, and cannot for that reason be disturbed. The defendant, nevertheless, relies upon the averred fact that when he married, his wife had a husband living, from whom she had not been divorced, and who was, at the time of the trial of this action in the court below, still in existence. An offer to prove the fact was made and rejected, and that incident of the trial formed an important part of the appeal taken to this court. After a careful and thorough examination of the questions which were in that way presented, it is deemed unnecessary to decide them, inasmuch as there is a rule of law applicable to that branch of this case which settles the liability of the defendant. He was married to the person whom he now disclaims, by a proper legal formula. He cohabited with her and introduced her as his wife, as well to others as to the plaintiffs in this action. Having done so, they were justified in dealing with her as occupying that relation to him, and he is estopped from denying it so far as they are concerned (*Mace* v. *Cadell*, Cowper, 233; *Robinson* v. *Nahon*, 1 Camp. 245). Upon the strength of his acknowledgment they dealt with her. They did so at their peril, it is true, but only upon the questions whether the defendant provided for her, and the articles sold were proper and necessary articles considering the wealth of the husband and the position he occupied in the community. Having arrived at this conclusion, the whole scope of the defence, except such as related to the questions passed upon by the jury as already stated, became wholly irrelevant. It is said, in "Story on Contracts," that so strong is the presumption of the assent of the

husband to the wife's contract created by cohabitation, that it has been decided that if a man cohabit with a woman holding her out to be his wife, he is liable for goods furnished to her during their cohabitation, by a tradesman who *knew that they were not married*. *A fortiori*, this would be the case if the tradesman supposed them to be married. (Story on Contracts, § 101). The same rule is declared in Comyn on Contracts, vol. I, p. 214 (See *Watson* v. *Threlkeld*, 2 Esp. Rep. 637 ; *Hudson* v. *Brent*, N. P. Espenass, 124 ; *Carr* v. *King*, 12 Mod. 372 ; Vin. Abr. tit. Baron & Feme, D. b. pl. 38 ; *Robinson* v. *Nahon*, 1 Camp. Rep. 245 ; *Munro* v. *De Chemant*, 4 Camp. Rep. 215). The defendant was, however, as we have seen, married, and by commencing his action for a divorce, affirmed his marriage, although he declared it to be illegal in consequence of the existence of the husband of the woman to whom he was married. It is not necessary to suggest the circumstances which might have made that marriage legal, at least until declared to be otherwise by a court of competent jurisdiction. It is enough, as already suggested, for the plaintiffs' case, that the defendant was in fact married to her, and had held her out to be his wife, as she was indeed, so far as the proper form of union could make her such. If he was unfortunate, he must bear the burden. It cannot be shared by persons whose confidence in his representations induced them to part with their property to her. Whatever may be the rules of law which govern controversies between themselves, third persons dealing with the wife on the strength of her conjugal rights cannot be confronted with the illegality of the marriage which has in effect been declared valid, and acted upon by the assumed husband and wife. Where there has been a marriage in fact, the case is stronger than where none was celebrated, unless the tradesman has been advised of the separation of the parties and the alleged illegality of the marriage. The plaintiffs knew nothing of these facts, and were not chargeable with notice, from any fact that appears in this case. It is true, that where no marriage has in fact taken place, the separation of the parties relieves the husband, so-called, from liability for goods sold after that incident, as suggested in *Munro* v. *De Chemant*, by Lord Ellenborough, but

that rule has no application to this case, inasmuch as there had been a marriage. I do not either subscribe to the suggestion as sound in principle, in the absence of notice of the actual rela tion existing, to a person who has been allowed to deal with a woman as a wife, or was allowed to so regard her by the so-called husband. Indeed, in *Robinson* v. *Nahon, supra,* the defendant proved that he had a former wife living, and with whom he had resided since the marriage, when he married the woman who was supplied with apartments by the plaintiff, but Lord Ellenborough said that there was no evidence to fix the plaintiff with a knowledge of the celebration of the first marriage, and that the defendant was estopped to set up bigamy as a bar to the action. He had given the woman who lodged with the plaintiff every appearance of being his wife. It is unnecessary, however, to pursue this subject farther. It is clear from these authorities that after marriage, whether lawful or not, as long as it exists, third persons, without notice, who have dealt with the wife on the assumption that she was indeed such, and which assumption was based upon the representation of the husband himself, can recover for necessaries furnished her if the husband fail to provide them. It is no answer to the demand thus made that there is an action for divorce pending unless alimony has been allowed (*Sykes* v. *Hulstead,* 1 Sandf. 483 ; Bishop on Marriage and Divorce, vol. I, § 401). The judgment should be affirmed.

Judgment affirmed.